UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDIK K. MEKHTARIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MRS. C. ORTEGA,<br><br>    Defendant. | **Case No.: 1:20-cv-00696-JLT (PC)**<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT A RESPONSE**<br>**(Doc. 14)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a first amended complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 14.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state inmate housed at California Correctional Institution (CCI) in Tehachapi, California. He names as defendants Mrs. C. Ortega, a dentist; M. Milnes, the Regional Dental Director at CCI; S. Gates, Chief of Health Care Appeals; and Does 1-10. Plaintiff seeks damages. Plaintiff's allegations may be fairly summarized as follows:

On July 31, 2018, Dr. Ortega performed a root canal on plaintiff. During the procedure, she dropped a dental bit[1] in plaintiff's mouth, and plaintiff accidentally swallowed the bit, resulting in lacerations to his esophagus and punctures to the gastric wall in his stomach. Plaintiff was immediately taken to an outside hospital where the bit was removed. (First Am. Compl. [FAC], Attach. [Doc. 14 at 7-12, 17-18].)

---

[1] A report from a gastroenterology lab dated July 31, 2018, reveals that plaintiff "swallowed a long metallic needle about 2.5 cm in length with a plastic handle about 1 cm in length." (FAC, Attach. [Doc. 14 at 35].)

2

Plaintiff returned to CCI on August 2, 2018. The next day, he was taken to the dental clinic to finish the root canal procedure with Dr. Ortega, but plaintiff refused treatment from her because of the previous incident. Because no other dentist was offered to plaintiff and because he refused to be treated by Dr. Ortega, plaintiff eventually ending up losing his tooth.

Plaintiff, who continues to suffer from stomach pain and discomfort, submitted multiple requests to be treated for pain. (See FAC, Attach. [Doc. 14 at 50].) He was seen for follow-up care several times, but no action was taken to stop his pain because the doctors were concerned that plaintiff "was trying to sue them." It is unclear from the pleading who responded to his health care requests and which doctor(s) conducted the follow-up appointments.

Plaintiff filed a health care appeal regarding the refusal to provide medication. Dr. Milnes denied the grievance at the Institutional Level Response on November 15, 2019. (FAC, Attach. [Doc. 14 at 17-18].) S. Gates denied the grievance at the Headquarters' Level Response. (id. [Doc. 14 at 19-20].) Plaintiff accuses both of these defendants of denying his grievance with deliberate indifference to plaintiff's serious medical need.

**III.     Discussion**

    **A.  Eighth Amendment Medical Indifference**

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant

is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff was previously informed that his allegations against Dr. Ortega do not state an

1    Eighth Amendment claim. At best, they demonstrate gross negligence, which is not actionable in
2    this federal action. Because the substance of plaintiff's allegations against this defendant have not
3    changed in the first amended complaint, the court reaches the same conclusion that this claim is
4    subject to dismissal.

5    It appears that plaintiff is also seeking to assert an Eighth Amendment claim against those
6    medical providers who failed to provide him with pain medication following his return from the
7    outside hospital. This claim fails because it is vague and conclusory. That is, plaintiff provides no
8    context for this claim. He states only that certain unnamed doctors refused to give him pain
9    medication because they claimed plaintiff was going to sue them. It is unclear when these
10   appointments occurred, who examined plaintiff, whether plaintiff received any treatment at all, and
11   how he knows that they were denying him medication out of concern for future litigation activity.
12   Without more, these allegations also fail to state a claim.

**B. Fourteenth Amendment Due Process**

14   Plaintiff's claims against defendants Milnes and Gates are premised on their role in
15   processing plaintiff's inmate grievance. However, the existence of a prison grievance procedure
16   establishes a procedural right only and "does not confer any substantive right upon the inmates."
17   Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v.
18   Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
19   entitlement to a specific grievance procedure). This means that a prison official's action in
20   reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley,
21   997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling
22   against a prisoner on an administrative complaint does not cause or contribute to the violation. A
23   guard who stands and watches while another guard beats a prisoner violates the Constitution; a
24   guard who rejects an administrative complaint about a completed act of misconduct does not."
25   George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted). Accordingly, a claim
26   against these defendants based solely on their denial of plaintiff's inmate grievance

**C. Supplemental Jurisdiction**

28   Lastly, plaintiff asks the court to exercise supplemental jurisdiction over his state law claims

against Dr. Ortega for negligence and medical malpractice. Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But a district court "may decline to exercise supplemental jurisdiction...[if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction). Because there is no cognizable federal claim, as discussed supra, supplemental jurisdiction should not be over plaintiff's related state law claims.

## IV. Conclusion

Plaintiff's first amended complaint fails to state a cognizable federal claim. The court will grant plaintiff **one final** opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint with leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the court ORDERS that:

1. Within thirty days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
2. If plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 3, 2021**                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE