1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MARDIK KEVIN MEKHTARIAN, | Case No. 1:20-cv-00696-CDB (PC) |
| Plaintiff, | THIRD SCREENING ORDER |
| v. | (Doc. 16) |
| C. ORTEGA, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS FOR DELIBERATE INDIFFERENCE, FAILURE TO PROTECT, AND MEDICAL MALPRACTICE AGAINST DEFENDANT ORTEGA AND TO DISMISS MILNES AS A DEFENDANT |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |
| | Clerk of Court to assign a district judge |

Plaintiff Mardik Kevin Mekhtarian is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  On March 3, 2021, this Court entered a second screening order finding the first amended complaint ("FAC") failed to state a claim and declined to exercise supplemental jurisdiction over the state law claims against Dr. Ortega for negligence and medical malpractice.  The Court granted Plaintiff "**one final** opportunity to amend." (Doc. 15 at 6) (alteration in original) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987)).

1      On April 19, 2021, Plaintiff filed a second amended complaint[1] ("SAC") against medical

2   professionals employed at Tehachapi State Prison.  (Doc. 16.)  For the following reasons, the

3   Court finds that Plaintiff has stated a claim of medical indifference against Defendants Stephanie

4   Brosius[2] and Does 1–10, and state law claim of gross negligence against Defendant Ortega.  The

5   SAC fails to state a claim against Regional Dental Director M. Milnes,[3] and he should be

6   dismissed as a defendant.  The Court further finds the SAC fails to state claims for failure to

7   protect, deliberate indifference, and medical malpractice against Defendant Ortega, and the Court

8   recommends dismissal of these claims.

9   **I.      SCREENING REQUIREMENT**

10      The Court is required to screen complaints brought by prisoners seeking relief against a

11   governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

12   The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are

13   frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary

14   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28

15   U.S.C. § 1915A(b).  These provisions authorize the court to dismiss a frivolous *in forma*

16   *pauperis* complaint *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319, 322 (1989).  Dismissal based

17   on frivolousness is appropriate "only if the petitioner cannot make any rational argument in law

18   or fact which would entitle him or her to relief."  *Id.* at 322–23.  The Court must dismiss a

19   complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a

20   cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)

21   (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

22   **II.     PLEADING REQUIREMENTS**

23      **A.     Federal Rule of Civil Procedure 8(a)**

24      A complaint must contain "a short and plain statement of the claim showing that the

25   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair

26      [1] Plaintiff mis-styled this pleading as a first amended complaint.  (Doc. 16.)

27      [2] Plaintiff names Stephanie Brosius as a defendant on the first page of the SAC but not on the complaint form in the space allotted for naming Defendants.  (*Id.* at 1, 3.)

28      [3] Plaintiff names M. Milnes as a defendant within the SAC but not on the front page.  (*Id.*)

1  notice of the plaintiff's claims and the grounds supporting the claims.  *Swierkiewicz v. Sorema N.*
2  *A.*, 534 U.S. 506, 512 (2002).  Detailed factual allegations are not required, but "[t]hreadbare
3  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
4  suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
5  U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
6  'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Factual
7  allegations are accepted as true, but legal conclusions are not.  *Id.* (citing *Twombly*, 550 U.S. at
8  555).

9         The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit
10  of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  This liberal
11  pleading standard applies to a plaintiff's factual allegations but not to his legal theories.  *Neitzke*
12  490 U.S. at 330 n.9.  Moreover, a liberal construction of the complaint may not supply essential
13  elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d
14  1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not
15  required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681
16  (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir.
17  2008)).  The mere possibility of misconduct and facts merely consistent with liability is
18  insufficient to state a cognizable claim.  *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572
19  F.3d 962, 969 (9th Cir. 2009).

20         **B.      Linkage and Causation**

21         Section 1983 provides a cause of action for the violation of constitutional or other federal
22  rights by persons acting under color of state law.  *See* 42 U.S.C. § 1983.  To state a claim under
23  section 1983, a plaintiff must show a causal connection or link between the actions of the
24  defendants and the deprivation alleged to have been suffered by the plaintiff.  *See Rizzo v.*
25  *Goode*, 423 U.S. 362, 373-75 (1976).  The Ninth Circuit has held that "[a] person 'subjects'
26  another to the deprivation of a constitutional right, within the meaning of section 1983, if he does
27  an affirmative act, participates in another's affirmative acts, or omits to perform an act which he
28  is legally required to do that causes the deprivation of which complaint is made."  *Johnson v.*

3

1    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

2    **III.    PLAINTIFF'S ALLEGATIONS**[4]

3         At all times relevant to this action, plaintiff was a state inmate housed at California

4    Correctional Institution ("CCI") in Tehachapi, California.  On July 31, 2018, while performing a

5    root canal on Plaintiff, Dr. C. Ortega dropped a sharp tool bit down Plaintiff's throat.  The bit

6    was a metal, needle-like object 2.5 centimeters long, with a 1-centimeter plastic handle.  The

7    object severely damaged Plaintiff's esophagus and gastric wall of his stomach.

8         Plaintiff was transported to San Joaquin Hospital, where Dr. Rejeev R. Manu performed

9    emergency surgery to remove the dental tool.  Plaintiff states that it took multiple attempts and

10   damaged his esophagus.  For two or three days after the procedure, Plaintiff felt a constant pain

11   in his stomach, for which hospital staff gave him crushed ice.

12        From the time of his return to the prison on August 2, 2018, he did not receive his doctor-

13   ordered Boost drinks, the only thing Plaintiff could consume.  The nurse who first screened Plaintiff,

14   Stephanie Brosius, told Plaintiff his pain would subside and refused to give him medication.

15   According to Plaintiff, Nurse Brosius went to ask the doctor on duty, who came and told Plaintiff he

16   would not get pain meds and "[he] should be a man and stop crying."  (Doc. 16 at 4.)

17        Plaintiff submitted several California Department of Corrections and Rehabilitation

18   ("CDCR") 7362 Health Care Services Request forms and was seen on several dates by Does 1–

19   10, who were doctors, registered nurses, and nurse practitioners.  Each told Plaintiff that they

20   knew he was going to sue CDCR or the dentist, so "[he] was going to suffer and would not be

21   given any pain meds other than ibuprofen or Tylenol, and if that doesn't work, too bad."  (Doc.

22   16 at 4.)  Plaintiff alleges that the staff refused to give him their names, but he intends to obtain

23   their names through discovery.

24        Plaintiff asserts claims against Dr. Ortega for failure to protect, deliberate indifference,

25   gross negligence, and medical malpractice.  Construing the complaint liberally, Plaintiff alleges

26   that Brosius and Does 1–10 were deliberately indifferent to Plaintiff's complaints of pain.

27   

28        [4] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1  Plaintiff asserts that Milnes conducted the first level of review without interviewing or calling

2  Plaintiff.[5]

3  **IV.      DISCUSSION**

4            **A.       Claims Against Dr. Ortega**

5                      **1.       Medical Indifference**

6            Plaintiff alleges that Dr. Ortega, by dropping the dental tool into Plaintiff's throat, displayed

7  deliberate indifference, gross negligence, and medical malpractice.

8            The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S.

9  Const. amend VIII.  The Eighth Amendment protects prisoners from inhumane methods of

10  punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825

11  (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "After incarceration, only

12  the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment

13  forbidden by the Eighth Amendment." *Ingraham v. Write*, 430 U.S. 651, 670 (1977) (quoting

14  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  No matter where prisoners are housed, prison

15  officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,

16  sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

17  2000) (quotation marks and citations omitted).

18            Where a prisoner's Eighth Amendment claims arise in the context of medical care, the

19  prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

20  indifference to serious medical needs." *Estelle*, 429 U.S. at 106.  An Eighth Amendment claim

21  "includes 'both an objective standard—that the deprivation was serious enough to constitute

22  cruel and unusual punishment—and a subjective standard—deliberate indifference.'"  *Colwell v.*

23  *Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).  To meet the objective element

24  of the standard, a plaintiff must demonstrate the existence of a serious medical need. *Estelle*,

25  429 U.S. at 104.  "A 'serious' medical need exists if the failure to treat a prisoner's condition

26

27            [5] Plaintiff alleges that S. Gates, Chief of the Health Care Correspondence and Appeals Branch, also conducted the second level of review without interviewing Plaintiff.  Gates is not named as a

28  defendant.  (Doc. 16 at 2.)

could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"
*McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The subjective element concerns the defendant's response to a prisoner's serious medical need. *McGuckin*, 974 F.2d at 1059-60. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842.

To demonstrate deliberate indifference, a plaintiff must show that the course of treatment taken is "medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations and punctuation omitted); *accord Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014). "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also McGuckin,* 974 F.2d at 1060

6

1   (noting that neither an accident nor inadvertent failure to provide adequate medical care is

2   actionable without a showing the defendant "purposefully" ignored or failed to respond to a

3   prisoner's pain or possible medical need).  Even gross negligence is insufficient to establish

4   deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334

5   (9th Cir. 1990).

6          Clearly, dropping a needle-like dental tool into Plaintiff's throat presents a serious

7   medical need.  Plaintiff states he learned from other staff that Dr. Ortega has dropped dental tools

8   down inmates' throats before "and was allowed to continue to inure inmates there."  (Doc. 16 at

9   4.)  Even assuming this is true, Plaintiff has not demonstrated that Dr. Ortega performed or

10  attempted to perform a root canal in conscious disregard of an excessive risk to Plaintiff's health.

11  Plaintiff has also alleged that Dr. Ortega committed gross negligence and medical malpractice,

12  which do not support a cause of medical indifference under the Eighth Amendment.

13  Accordingly, Plaintiff's Eighth Amendment claim against Dr. Ortega should be dismissed.

14                    **2.      Failure to Protect**

15         Under the Eighth Amendment, a prison official has a duty to intervene if he is aware that

16  a fellow officer is violating a prisoner's constitutional rights.  *Cunningham v. Gates*, 229 F.3d

17  1271, 1289 (9th Cir. 2000).  In a "failure-to-protect" claim, a prisoner must show that a prison

18  official's act or omission (1) was objectively, sufficiently serious, and (2) the official was

19  subjectively, deliberately indifferent to inmate's health or safety.  *Farmer*, 511 U.S. at 834;

20  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

21         Plaintiff offers no factual allegations to support a claim that Ortega failed to protect him

22  from another officer's constitutional violations.  Accordingly, Plaintiff's failure to protect claim

23  fails.

24                    **3.      Gross Negligence**

25         In addition to the constitutional claim, Plaintiff raises a state law claim for gross

26  negligence against Dr. Ortega.  "'Gross negligence' long has been defined in California and other

27  jurisdictions as either a 'want of even scant care' or 'an extreme departure from the ordinary

28  standard of conduct.'"  *City of Santa Barbara v. Sup. Ct.*, 41 Cal.4th 747, 754 (Cal. 2007).

1    Plaintiff alleges that Dr. Ortega has dropped a sharp dental tool into a patient or patients

2    previously, suggesting a culpability greater than mere negligence.  Giving Plaintiff the benefit of

3    all doubt, the allegations are sufficient to state a cognizable claim for gross negligence.

4                    **4.        Medical Malpractice**

5    Plaintiff also asserts a medical malpractice claim against Dr. Ortega. Under California

6    law, the elements for professional negligence, such as medical malpractice, are "(1) the duty of

7    the professional to use such skill, prudence, and diligence as other members of his profession

8    commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection

9    between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting

10   from the professional's negligence." *Turpin v. Sortini*, 31 Cal.3d 220, 229–30 (1982).  Physicians

11   specializing in a medical area are "held to that standard of learning and skill normally possessed

12   by such specialists in the same or similar locality under the same or similar circumstances."

13   *Quintal v. Laurel Grove Hosp.*, 62 Cal.2d 154, 159–60 (1964).

14   The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit

15   of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  Even under

16   a liberal construction of the complaint, however, the Court may not supply essential elements of

17   a claim not pleaded by the plaintiff.  *Bruns*, 122 F.3d at 1257.  The possibility of misconduct and

18   facts merely consistent with liability is insufficient to state a cognizable claim.  *Iqbal*, 556 U.S. at

19   678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

20   Such is the case in this instance.  The facts are consistent with liability given the harm

21   suffered by Plaintiff.  He has sufficiently pleaded that Ortega's dropping of the dental tool was

22   the proximate cause of his injury, and he suffered actual damage resulting from Ortega's actions.

23   However, Plaintiff has failed to allege the first two elements of medical malpractice, that is, (1)

24   the duty of the professional to use such skill, prudence, and diligence as other members of her

25   profession commonly possess and exercise; (2) a breach of that duty.  Because of this pleading

26   defect, Plaintiff may not proceed on his medical malpractice claim.

27                    **B.        Medical Indifference Against Brosius and Does 1–10**

28   Plaintiff also raises medical indifference claims against Nurse Brosius and unidentified

8

1    medical staff for their failure to treat Plaintiff's pain.  According to Plaintiff, Nurse Brosius told

2    him that the pain would subside and refused to give pain medication, and the doctor on duty told

3    him to "be a man and stop crying."  The unidentified defendants all said that they knew Plaintiff

4    would sue CDCR or the dentist, Plaintiff "was going to suffer and would not be given any pain

5    meds other than ibuprofen or Tylonol and if that doesn't work, too bad."  (Doc. 16 at 4–5.)

6    Plaintiff told them that the ibuprofen and Tylenol was not working, but he was denied additional

7    medication and continued to suffer in pain.

8           The allegations of the complaint are sufficient to establish that Plaintiff had a serious

9    medical need for treatment of the pain suffered by Plaintiff resulting from injuries to his

10   esophagus and stomach.  The statements allegedly made in response to Plaintiff's requests

11   demonstrate a purposeful failure to respond to his pain, thereby causing Plaintiff continued pain.

12   These allegations are sufficient to state a cognizable claim of deliberate indifference to Plaintiff's

13   serious medical need under the Eighth Amendment.

14          **C.    Doe Defendants**

15          Plaintiff names unidentified medical staff as "Does 1–10." However, these individuals

16   must be named or otherwise identified more particularly before service can go forward. Although

17   the use of Doe defendants is generally disfavored, "the plaintiff should be given an opportunity

18   through discovery to identify the unknown defendants, unless it is clear that discovery would not

19   uncover the identities . . . ." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)

20   (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)).

21          Plaintiff is advised that Doe defendants cannot be served by the United States Marshal

22   until Plaintiff has identified them as actual individuals and amended his complaint to substitute

23   names for Does 1–3.[6]  To effectuate service, the Marshal must be able to identify and locate

24   defendants.

25          **D.    Grievance Process**

26          Plaintiff alleges that Regional Dental Director Milnes conducted Plaintiff's first level

27

28          [6] By separate order, the Court will address discovery of the Doe identities.

9

1    review without interviewing or calling him.  However, Plaintiff cannot pursue any claims against

2    prison staff based solely on the processing and review of his inmate appeals.  Plaintiff does not

3    have a constitutionally protected right to have his appeals accepted or processed.  *Ramirez v.*

4    *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

5    The prison grievance procedure does not confer any substantive rights upon inmates and actions

6    in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow*,

7    997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC,

8    2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials

9    denied or ignored his inmate appeals failed to state a cognizable claim under the First

10   Amendment).  Denial or refusal to process a prison grievance is not a constitutional violation.

11   *Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16,

12   2018), *aff'd*, 744 F. App'x 510 (9th Cir. Dec. 05, 2018).

13        Accordingly, Plaintiff fails to state a cognizable claim against Defendant Milne for his

14   review of Plaintiff's administrative appeals.

15        **E.    Amendment of Pleading**

16        Under Rule 15 of the Federal Rules of Civil Procedure, the plaintiff may amend its

17   pleading with the court's leave. Fed. R. Civ. P. 15(a)(2).  The Rule provides that "[t]he court

18   should freely give leave when justice so requires."  *Id.*  The United States Supreme Court has

19   stated that "this mandate is to be heeded."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

20   (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The intent of the rule is to "facilitate

21   decision on the merits, rather than on the pleadings or technicalities."  *Chudacoff v. Univ. Med.*

22   *Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).  Consequently, the "policy of favoring

23   amendments to pleadings should be applied with 'extreme liberality.'"  *United States v. Webb*,

24   655 F.2d 977, 979 (9th Cir. 1981).

25        A *pro se* litigant must be given leave to amend his or her complaint unless it is

26   "absolutely clear that the deficiencies of the complaint could not be cured by amendment."

27   *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d

28   1202, 1203–04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted)).  However, the

1  district court may exercise its discretion to deny amendment for reasons "such as undue delay,

2  bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

3  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

4  the amendment, futility of amendment." *Foman*, 371 U.S. at 182.

5        In this case, the Court screened Plaintiff's complaint and first amended complaint,

6  identified the deficiencies in his pleadings, and afforded Plaintiff opportunities to correct the

7  deficiencies.  Plaintiff took advantage of each opportunity to amend.  In the SAC, Plaintiff was

8  able to correct some of the deficiencies previously identified by the Court, and the case may

9  proceed on the cognizable claims discussed herein.

10        In the second screening order, the Court granted Plaintiff "**one final** opportunity to

11  amend." (Doc. 15 at 6 (alteration in original).)  Because of this admonishment and the repeated

12  failure to cure deficiencies identified, the Court concludes any further attempt to amend would

13  be futile and, accordingly, will not grant Plaintiff leave to file another amended complaint, and

14  the non-cognizable claims should be dismissed.

15  **V.    CONCLUSION**

16        Accordingly, it is HEREBY RECOMMENDED:

17      1.    Plaintiff's claims against Defendant Ortega for failure to protect, deliberate

18          indifference, and medical malpractice be dismissed;

19      2.    The claims against Defendant Milnes be dismissed; and

20      3.    This case be allowed to proceed on claims of medical indifference against

21          Defendants Brosius and Does 1–10, and state law claim of gross negligence

22          against Defendant Ortega.

23        These Findings and Recommendations will be submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

25  after being served with these Findings and Recommendations, the parties may file written

26  objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

27  Findings and Recommendations." The parties are advised that failure to file objections within the

28  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 15, 2023**

_____
UNITED STATES MAGISTRATE JUDGE