UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDIK KEVIN MEKHTARIAN,<br><br>Plaintiff,<br><br>v.<br><br>C. ORTEGA, et al.,<br><br>Defendants. | No. 1:20-cv-00696-ADA-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, IN PART, AND DISMISSING CERTAIN CLAIMS<br><br>(ECF No. 23) |

Plaintiff Mardik Kevin Mekhtarian is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 16, 2023, the Magistrate Judge screened Plaintiff's Second Amended Complaint ("SAC") and issued findings and recommendations recommending dismissal of certain claims. (ECF No. 23.) The Magistrate Judge found that the SAC stated cognizable claims of Eighth Amendment medical deliberate indifference against Defendants Brosius and Does 1–10, and a state law claim of gross negligence against Defendant Ortega. (ECF No. 23.) The SAC failed, however, to state claims against Defendant Ortega for failure to protect, deliberate indifference, and medical malpractice. (*Id.* at 11.) It also failed to state any claims against Defendant Milnes. (*Id.*) The Magistrate Judge recommended dismissal of those claims with prejudice because Plaintiff has already had two opportunities to amend his complaint. (*Id.*)

1  The findings and recommendations contained notice of a fourteen-day deadline within which
2  Plaintiff could file objections.  (*Id.*)  Plaintiff has not filed any objections, and the time to do so
3  has passed.

4  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
5  de novo review of this case.  Having carefully reviewed the entire file, the Court finds the
6  findings and recommendations to be supported by the record and proper analysis in all respects
7  but one: the Court believes that Plaintiff has sufficiently alleged a medical malpractice claim
8  against Defendant Ortega.

9  The findings and recommendations suggest dismissal of Plaintiff's state law medical
10 malpractice claim against Defendant Ortega because Plaintiff failed to allege the first two
11 elements of a medical malpractice cause of action: "(1) the duty of the professional to use such
12 skill, prudence, and diligence as other members of her profession commonly possess and
13 exercise; [and] (2) a breach of that duty." (ECF No. 23 at 8.)  Three paragraphs earlier, however,
14 the Magistrate Judge recognized that Plaintiff had stated a cause of action for gross negligence.
15 (*Id.* at 7–8.)  Inherent in that finding was a recognition that Plaintiff had alleged facts sufficient to
16 support the elements of a negligence cause of action – duty, breach, causation, and damages.  *See*
17 *Colich & Sons v. Pac. Bell*, 244 Cal. Rptr. 714, 722 (Cal. Ct. App. 1988) ("Gross negligence . . .
18 differs from ordinary negligence only in degree and not in kind."); *see also Nally v. Grace Comty.*
19 *Church*, 763 P.2d 948, 956 (Cal. 1988) (discussing elements of negligence).  Medical malpractice
20 differs from negligence in one main regard: it requires an allegation that the defendant had a
21 professional duty to use particular "skills, prudence, and diligence." *See Acinelli v. Baniga*, No.
22 1:15-cv-01616-MJS (PC), 2018 WL 1709927, at *8 (E.D. Cal. Apr. 9, 2018).

23 Because the Court agrees with the Magistrate Judge that the SAC sufficiently alleges a
24 cause of action for gross negligence, it has little trouble concluding that Plaintiff has also
25 sufficiently alleged a medical malpractice claim against Defendant Ortega.  The SAC describes
26 Defendant Ortega as a dentist performing a root canal. (ECF No. 16 at 3.)  The Court can infer
27 from this description that Defendant Ortega had professional training as a dentist and used that
28 training to perform oral surgery on Plaintiff.  This strikes the Court as the exact type of situation

where Defendant Ortega had a duty to employ the "skills, prudence, and diligence" expected from other dentists. If subsequently dropping a needle down Plaintiff's throat during the surgery constituted gross negligence, it certainly also amounted to a breach of Defendant Ortega's professional duty.

Accordingly,

1. The findings and recommendations issued on February 16, 2023, (ECF No. 23), are adopted, in part;

2. The claims against Defendant Ortega for failure to protect and deliberate indifference are dismissed;

3. All claims against Defendant Milnes are dismissed, and Defendant Milnes is dismissed as a defendant;

4. The action shall proceed on the SAC, (ECF No. 16), on a claim of deliberate indifference in violation of the Eighth Amendment against Defendants Brosius and Does 1–10, and state law claims of gross negligence and medical malpractice against Defendant Ortega; and

5. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: May 30, 2023

_____
UNITED STATES DISTRICT JUDGE

3