UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDIK KEVIN MEKHTARIAN,<br><br>Plaintiff,<br><br>v.<br><br>C. ORTEGA, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-00696-NODJ-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT ORTEGA'S MOTION TO DISMISS<br><br>(Doc. 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Mardik Kevin Mekhtarian is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Brosious and Does 1-10[1] for deliberate indifference in violation of the Eighth Amendment and against Defendant Ortega for state law claims of gross negligence and medical malpractice. (Doc. 24).

Presently before the Court is Defendant Ortega's motion to dismiss all claims as to him for Plaintiff's failure to comply with the California Government Claims Act, filed August 11,

---

[1] On June 1, 2023, the Court granted Plaintiff 90 days within which to discover the true names of the Doe Defendants and to move to substitute them as named parties. (Doc. 25). Plaintiff has not moved to substitute the Doe Defendants. However, as discovery has not yet commenced, the undersigned will not recommend that the Doe Defendants be dismissed and will permit Plaintiff additional time to discovery their identity.

2023. (Doc. 33). Plaintiff failed to timely oppose the motion and the Court ordered Plaintiff to show cause why his failure to respond should not be construed as a non-opposition. (Doc. 35). After requesting a 90-day extension of time, Plaintiff responded to the show cause order and opposed the motion to dismiss. (Docs. 36-38). Thereafter, on December 14, 2023, Defendant filed a reply. (Doc. 41).

## I.    PLAINTIFF'S ALLEGATIONS[2]

At all times relevant to this action, Plaintiff was a state inmate housed at California Correctional Institution ("CCI") in Tehachapi, California. On July 31, 2018, while performing a root canal on Plaintiff, Dr. C. Ortega (Defendant) dropped a sharp tool bit down Plaintiff's throat. The bit was a metal, needle-like object 2.5 centimeters long, with a 1-centimeter plastic handle. The object severely damaged Plaintiff's esophagus and gastric wall of his stomach.

Plaintiff was transported to San Joaquin Hospital, where Dr. Rejeev R. Manu performed emergency surgery to remove the dental tool. Plaintiff states that it took multiple attempts and damaged his esophagus. For two or three days after the procedure, Plaintiff felt a constant pain in his stomach, for which hospital staff gave him crushed ice.

From the time of his return to the prison on August 2, 2018, Plaintiff did not receive his doctor-ordered Boost drinks, the only thing Plaintiff could consume. The nurse who first screened Plaintiff, Stephanie Brosius (Defendant), told Plaintiff his pain would subside and refused to give him medication. According to Plaintiff, Nurse Brosius went to ask the doctor on duty, who came and told Plaintiff he would not get pain meds and "[he] should be a man and stop crying." (Doc. 16 at 4.)

Plaintiff submitted several California Department of Corrections and Rehabilitation ("CDCR") 7362 Health Care Services Request forms and was seen on several dates by Does 1– 10, who were doctors, registered nurses, and nurse practitioners. Each told Plaintiff that they knew he was going to sue CDCR or the dentist, so "[he] was going to suffer and would not be given any pain meds other than ibuprofen or Tylenol, and if that doesn't work, too bad." (Doc.

---

[2] As set forth below, in considering Defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court accepts Plaintiff's allegations in the operative complaint as true in the light most favorable to him.

1 | 16 at 4). Plaintiff alleges that the staff refused to give him their names, but he intends to obtain
2 | their names through discovery.

## II. DISCUSSION

### A. Governing Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). A court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### B. California Government Claims Act

Both state and federal law require a prisoner to exhaust available administrative remedies before seeking judicial relief. *Wright v. California*, 122 Cal. App.4th 659, 664 (2004). Under California law, exhaustion of remedies is a jurisdictional requirement: "a court cannot hear a case

before a litigant exhausts administrative remedies." *Id*. at 664-65 (citations omitted).

California's Government Claims Act ("GCA") requires a claim against the State or its employees "relating to a cause of action for death or for injury to person" to be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–50.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to filing suit. *State v. Superior Ct. of Kings Cnty*. (*Bodde*), 32 Cal.4th 1234, 1244-45 (2004). Pendant state law claims included in a federal civil rights action are also subject to this claim presentation requirement. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims."); *Butler v. Los Angeles Cnty.*, 617 F. Supp.2d 994, 1001 (C.D. Cal. 2008) ("Although a plaintiff may include supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, the state law claims are subject to dismissal for failure to allege compliance with the claim-filing requirement of the [GCA]."). A civil complaint must be dismissed if it does not allege compliance with the claim presentation requirements or allege facts showing the applicability of a recognized exception or excuse for noncompliance. *Bodde,* 32 Cal.4th at 1245.

Here, Plaintiff fails to state any allegations which show he properly complied with the GCA upon which to be allowed to pursue claims under California law. Nor does the operative complaint allege any facts suggesting any reason why Plaintiff should be excused from the claim presentation requirement. In his opposition (Doc. 38), Plaintiff merely argues that "Mrs. C. Ortegas motion to dismiss should be denied" because there purportedly is an "admission of guilt" and because Defendant "should be held accountable." *Id.* at 1. However, Plaintiff does not challenge Defendant's argument that Plaintiff's amended complaint fails to allege compliance with the GCA.

Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend his pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." *Id.* The United States Supreme Court has stated that "this

4

mandate is to be heeded." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

A *pro se* litigant must be given leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted)). However, the district court may exercise its discretion to deny amendment for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182.

Here, the undersigned finds leave to amend would be futile given Plaintiff's failure to state or even suggest in his opposition brief that he did, in fact, comply with the GCA. Accordingly, the Court will recommend that Plaintiff's claims in the operative complaint (doc. 16) against Defendant Ortega be dismissed without leave to amend.

### III. CONCLUSION

Accordingly, it is HEREBY RECOMMENDED:

1. Defendant Ortega's motion to dismiss (Doc. 33) be GRANTED; and
2. Plaintiff's state law claims of gross negligence and medical malpractice against Defendant Ortega be DISMISSED and Defendant Ortega be TERMINATED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 2, 2024**

UNITED STATES MAGISTRATE JUDGE