|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARDIK KEVIN MEKHTARIAN, | Case No. 1:20-cv-00696-NODJ-CDB (PC) |
|---|---|
| Plaintiff, | **ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 90 DAYS** |
| v. |   |
| C. ORTEGA, *et al.*, | **FORTY-FIVE (45) DAY DEADLINE** |
| Defendants. |   |

Plaintiff Mardik Kevin Mekhtarian is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Brosious and Does 1-10[1] for deliberate indifference in violation of the Eighth Amendment and against Defendant Ortega for state law claims of gross negligence and medical malpractice.[2] (Docs. 24, 42).

Both named Defendants have responded to the operative complaint. (Docs. 33, 34).

---

[1] On June 1, 2023, the Court granted Plaintiff 90 days within which to discover the true names of the Doe Defendants and to move to substitute them as named parties. (Doc. 25). Plaintiff has not moved to substitute the Doe Defendants. However, as discovery has not yet commenced, the undersigned will not recommend that the Doe Defendants be dismissed and will permit Plaintiff additional time to discovery their identity.

[2] On January 2, 2024, the undersigned issued Findings and Recommendations ("F&R") to dismiss Defendant Ortega from the action. (Doc. 42). The F&R have not yet been ruled upon by a district judge and remain pending.

   The Court refers all civil rights cases filed by pro se inmates to Alternative Dispute Resolution ("ADR") to attempt to resolve such cases more expeditiously and less expensively.

   The Court stays this action for ninety days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

   Accordingly, it is hereby ORDERED:

1. This action is STAYED for **ninety (90) days** to allow the parties an opportunity to settle their dispute before the discovery process begins. No pleadings or motions may be filed in this case during the stay. The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

2. **Within 45 days** from the date of this Order, the parties SHALL file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time.

3. **Within 60 days** from the date of this Order, the assigned Deputy Attorney General SHALL contact the undersigned's Courtroom Deputy Clerk at shall@caed.uscourts.gov to schedule the settlement conference, assuming the parties agree to participate in an early settlement conference.

4. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. The Clerk of the Court SHALL serve via email copies of Plaintiff's second amended complaint (Doc. 16), the order adopting in part the third screening order (Doc. 24), the findings and recommendations to dismiss Defendant Ortega (Doc. 42), and this Order to Supervising Deputy Attorney General Lawrence Bragg (Lawrence.Bragg@doj.ca.gov), and a copy of this Order to ADR Coordinator Sujean Park.

6. The parties are obligated to keep the Court informed of their current addresses during the

stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f).

IT IS SO ORDERED.

Dated: **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE